**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GRACIELA CANELO,
*on behalf of herself, FLSA Collective Plaintiffs*
*and the Class,*

Plaintiff,

v.

ALLIANCE GROUP LLC, 1-800-FLOWERS.COM, INC.,

1-800-FLOWERS TEAM SERVICES, INC.

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, GRACIELA CANELO (herein, "Plaintiff"), on behalf of herself and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants 1-800-FLOWERS.COM, INC., 1-800-FLOWERS TEAM SERVICES, INC., (collective referred herein as "800 flowers") and ALLIANCE GROUP LLC ("collective, together with 800 flowers, referred herein as Defendants"), and state as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and similarly situated individuals are entitled to recover from Defendants unpaid overtime wages due, unlawful kickback compensation, liquidated damages, and attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants overtime wages, unlawful deductions, spread of hours pay, statutory penalties for initial hiring notice and wage statement violations, liquidated damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, GRACIELA CANELO, is a resident of New York.

6. Plaintiff consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

7. Defendant 1-800-FLOWERS.COM, INC. is a business corporation with a principal place of business located at Two Jericho Plaza, Suite 200, Jericho, NY 11753.

8. Defendant 1-800-FLOWERS TEAM SERVICES, INC. is a business corporation with a principal place of business located at Two Jericho Plaza, Suite 200, Jericho, NY 11753.

9. Defendant ALLIANCE GROUP LLC is incorporated in Delaware.

10. ALLIANCE GROUP LLC employs drivers in several states including, but not limited to, New York, Pennsylvania, and Florida.

11. ALLIANCE GROUP LLC is akin to an employment agency that hires drivers for other companies.

12. ALLIANCE GROUP LLC hired Plaintiff and other drivers.

13. ALLIANCE GROUP LLC set the pay rate for Plaintiff and other drivers.

14. ALLIANCE GROUP LLC terminated plaintiff's employment.

15. ALLIANCE GROUP LLC has authority to fire drivers.

16. One of ALLIANCE GROUP LLC's customers is 800 flowers.

17. ALLIANCE GROUP LLC hired Plaintiff and other drivers to work for 800 flowers in order to deliver flowers within the New York City metro area.

18. Drivers are required to report to work at an 800 flowers warehouse location in Long Island City, New York.

19. 800 flowers employees set the schedule that Drivers are required to abide by.

20. The dispatcher that directs the drivers is an 800 flowers employee.

21. 800 flowers controls the drivers and their working conditions.

22. 800 flowers and ALLIANCE GROUP LLC are joint employers.

23. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

24. Defendant 800 flowers grossed more than $500,000.00 in each of the last three calendar years.

25. Defendant ALLIANCE GROUP LLC grossed more than $500,000.00 in each of the last three calendar years.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former drivers/delivery personnel employed by Defendants on or after the date that is three (3) years of filing the herein complaint.

27. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and

have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages.

28. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

29. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

30. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former drivers/delivery personnel paid below the overtime wage requirement employed by Defendants at all locations, on or after the date that is six (6) years of filing the herein complaint.

31. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

32. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are more than forty (40) members of the Class.

33. Plaintiff's claims are typical of those claims that could be alleged by any New York member of the Class, and the relief sought is typical of the relief that would be sought by each New York member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including: (i) failing to pay overtime wages, (ii) unlawful deductions, (iii) failing to pay weekly, (iv) failing to provide wage statements in compliance with the NYLL, and (v) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

34. Additionally, Plaintiff's claims are typical of those claims that could be alleged by any member of the Class that worked for ALLIANCE GROUP LLC in any state, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant ALLIANCE GROUP LLC failing to pay overtime wages, Defendant's corporate-wide policies and practices affected all Class members nationwide similarly, and Defendant ALLIANCE GROUP LLC benefited from the same type of unfair and/or wrongful acts as to each nationwide Class member.

35. Plaintiffs and other Class members sustained similar losses, injuries and damages

arising from the same unlawful policies, practices and procedures.

36. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiff and Class members the proper compensation for all the hours worked under the NYLL;

f. Whether Defendant ALLIANCE GROUP LLC paid Plaintiff and Class members the proper compensation for all the hours.

g. Whether Defendants properly compensated Plaintiff and Class members the proper minimum wage under the NYLL;

## STATEMENT OF FACTS

39. On or about April 14, 2026, Plaintiff GRACIELA CANELO was hired by Defendants to work as a Flower Delivery Driver primarily covering routes within the greater New York City area.

40. Plaintiff was employed by Defendants until on or about July 8, 2026.

41. Throughout her employment, Plaintiff worked seven (7) days a week with variable hours, starting at 9:00 AM and ending as early as 3:00pm up to 5:00pm.

42. Plaintiff worked at least 42 hours per work week.

43. Plaintiff was paid exclusively on a per-delivery basis ($11.00 for Manhattan deliveries and $9.00 for Brooklyn and Queens).

44. Plaintiff was a manual worker.

45. Plaintiff was paid bi-weekly.

46. Defendants did not pay Plaintiffs within seven (7) days after the end of the work week.

47. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

48. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Veterinary Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

49. Plaintiff had to pay for her own gas to the tune of between $60-$80 every other day.

50. Defendants did not pay Plaintiff and the Class Members overtime pay.

51. FLSA Collective Plaintiffs and the Class similarly worked weeks of forty (40) hours or more.

52. Throughout her employment, Plaintiff was denied the protections of the FLSA

and NYLL due to her misclassification. FLSA Collective Plaintiffs and the Class were subjected to similar unlawful pay practices.

53. Plaintiff and Class members were not paid overtime premiums at the rate of time and one-half of the regular hourly rate, for all hours worked.

54. Defendants knowingly and willingly operated their business with a policy of not paying the New York State minimum wage, and the proper overtime rate thereof for all hours worked to Plaintiff and Class members.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

55. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

56. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

57. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

58. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

59. At all relevant times, Defendants had a policy and practice that failed to pay proper wages to Plaintiff and a subclass of FLSA Collective Plaintiffs.

60. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants.

61. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

62. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

63. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the

64. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages and overtime plus an equal amount as liquidated damages.

65. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**FLSA UNLAWFUL KICKBACKS 29 U.S.C. 201 ET SEQ.; 29 CFR 531.35**

66. Plaintiffs repeat, re-allege and incorporate all allegations in all preceding paragraphs as if fully herein.

67. Throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of FLSA and the supporting regulations of

the U.S. Department of Labor. Specifically, Defendants required Plaintiff and the class members to pay for their own gas.

68. This kickback cut into Plaintiff's and class members' overtime pay.

69. Plaintiff and class members seek and are entitled to recover damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, together with such other relief as this Court deems just and proper.

**COUNT III**

**VIOLATION OF THE NEW YORK LABOR LAW**

70. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

71. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and class members the proper overtime wages, in direct violation of the NYLL.

73. Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

74. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice at the date of hiring and annually thereafter, as required under the New York Labor Law.

75. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the New York Labor Law.

76. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, overtime wages, reasonable

attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT IV

## VIOLATION OF THE NOTICE REQUIREMENT OF THE NEW YORK LABOR LAW

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to provide Plaintiff and Class Members with a written notice, in English or their primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

79. Defendants' failure to provide Plaintiff and Class Members with a written notice resulted in Plaintiff's working without knowledge of his/her correct pay frequency and overtime rate.

80. Plaintiff and Class Members didn't know he/she was supposed to be paid. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

81. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying wages.

82. Plaintiff and Class Members were denied his/her ability to properly document his/her hours worked and pay received, and his/her ability to document his/her income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

83. Plaintiff and Class Members were denied the ability to properly document his/her employment and income history.

84. Defendants are liable to Plaintiff and Class Members in the amount of up to $5,000 each, together with costs and attorneys' fees.

**COUNT V**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

85. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

86. With each payment of wages, Defendants failed to provide Plaintiff and Class Members with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. Defendants' failure to provide Plaintiff and Class Members with proper wage statements resulted in Plaintiff and Class Members working without knowledge of his/her correct rate of pay.

88. Because Plaintiff and Class Members did not receive the required information in the wage statements containing his/her correct rate, Defendant was able to not pay Plaintiff and Class Members the correct pay.

89. Plaintiff and Class Members didn't know he/she was supposed to be paid full minimum wage and overtime pay. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

90. Defendants are liable to Plaintiff in the amount of up to $5,000 each, together with costs and attorneys' fees.

## **COUNT VI**

## **NYLL UNLAWFUL DEDUCTIONS, NYLL 193 & 196(D)**

91. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

92. Throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful deductions/kickbacks in violation of New York Labor Law.

93. The deductions/kickbacks bring Plaintiff below the hourly minimum wage.

94. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT VII

**New York Labor Law – Failure to Pay Timely Wages**

95. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs.

97. Defendant failed to pay Plaintiffs on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiffs being underpaid.

98. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover interest from Defendant, reasonable attorneys' fees and costs, as provided for by NYLL § 198.

## PRAYER FOR RELIEF

99. WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award, pursuant to the FLSA and the NYLL, of unpaid wages including overtime pay, deducted wages, and delayed wages;

d. An award, pursuant to the FLSA and the NYLL, of unpaid wages, including overtime pay;

e. An award of statutory penalties, prejudgment and post-judgment interest, costs and expenses of this action, together with reasonable attorneys' and expert fees and statutory penalties;

f. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

g. Designation of this action as a class action pursuant to F.R.C.P. 23;

h. Designation of Plaintiff as Representatives of the Class; and

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 29, 2026

NAYDENSKIY LAW FIRM, LLC
____________s/_________________
Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*